IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| **MICHAEL C. HILD** and **LAURA C. HILD,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 3:25 cv 1000 |
| **RUSSELL WALKER** and **WILLIAM F. PANAK,** | )<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANT WILLIAM PANAK'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

COMES NOW DEFENDANT WILLIAM F. PANAK ("Panak"), by counsel, and in response to Plaintiffs' Motion to Strike states as follows:

1. As a matter of law, Plaintiffs' motion should be denied.

    Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to "order stricken from any pleading any insufficient defense." Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A A. Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990). Nevertheless, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Id.* § 1381 at 665.

*Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

2. Plaintiffs wish to strike from a declaration; however, motions to strike are governed by Federal Rule of Civil Procedure 12(f), and that rule only empowers a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

1

#10700881v5

Rule 7(a) defines pleadings, and that definition does not expressly or implicitly include declarations. Thus, a declaration is not a pleading.

3. Because Plaintiffs wish to strike from a declaration, and a court may only strike from a pleading, and a declaration is not a pleading, Plaintiffs' motion should be denied as a matter of law.

4. Even if a court could strike from a declaration, which a court cannot, Plaintiffs' motion should still be denied.

5. As this Court has written, "a motion to strike 'should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy **and** may cause some form of significant prejudice to one or more of the parties to the action.'" *Bailey v. Fairfax Cty. Va.*, No. 1:10-CV-1031, 2010 U.S. Dist. LEXIS 135512, at *10 (E.D. Va. Dec. 21, 2010) (emphasis added) (quoting *GTSI Corp.*, 2009 U.S. Dist. LEXIS 61537, 2009 WL 2160451, at *4 (E.D. Va. 2009)).

6. Here, the challenged allegations have great relation and logical connection to the matter at hand, because they pertain directly to the events of the case (i.e. they address what Defendant has and has not done) and to the credibility of a party (specifically, that of Michael Hild).

7. Due to the relation and logical connection of the allegations to the matter at hand, it is not necessary to consider any issues of prejudice. But clearly there can be no prejudice to Plaintiffs from denying their false allegations or from pointing to the multiple felony convictions that stemmed from a matter raised in the Complaint—Michael Hild's running of Live Well Financial, Inc.

#10700881v5

WHEREFORE Panak respectfully requests that this Court grant the following relief:

1. Deny Plaintiffs' Motion to Strike; and

2. Grant such other relief this Court deems just and proper.

Dated: December 31, 2025         Respectfully submitted,

**WILLIAM F. PANAK**


By: */s/ Dale E. Wolf II*
Thomas M. Wolf (VSB No. 18234)
Dale E. Wolf II (VSB No. 101561)
O'Hagan Meyer PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7108
Facsimile: (804) 403-7110
Email: *Twolf@ohaganmeyer.com*
Email: *Dwolf@ohaganmeyer.com*

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of December 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties and counsel of record.

                                                      */s/ Dale E. Wolf II*
                                                      Dale E. Wolf II (VSB No. 101561)

#10700881v5