IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHAEL C. HILD and LAURA C. HILD, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.: 3:25 cv 1000 |
| RUSSELL WALKER and WILLIAM F. PANAK, | ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANT WILLIAM PANAK'S OPPOSITION TO
### PLAINTIFFS' MOTION FOR TARGETED LIMITED DISCOVERY

COMES NOW DEFENDANT WILLIAM F. PANAK ("Panak"), by counsel, and in response to Plaintiffs' Motion for Targeted Limited Discovery states as follows:

1. A district court should award summary judgment "if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).

2. A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3. District courts in the Fourth Circuit, when considering a motion for summary judgment, must view the evidence in the light most favorable to the non-movant, and must draw every inference in favor of the non-moving party. *McLean v. Ray*, 488 F. App'x 677, 682 (4th Cir. 2012).

1

#10702555v3

4. Even in the most favorable light, and with every inference, a pleading must still meet certain standards in order to survive summary judgment. A pleading must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint without such factual matter cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *A fortiori*, a plaintiff cannot survive a motion for summary judgment without such factual matter.

5. "Rule 8 [of the Federal Rules of Civil Procedure] marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. The Fourth Circuit enforces this holding. *Squire v. Identity, Inc.*, No. 21-2410, 2022 U.S. App. LEXIS 31945, at *4 (4th Cir. Nov. 17, 2022).

6. Regarding discovery, the Fourth Circuit added that "'naked assertions devoid of further factual enhancement' are insufficient to overcome a motion to dismiss." *Id*. (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)). *A fortiori*, such assertions cannot overcome a motion for summary judgment which requires actual evidence.

7. Plaintiffs essentially argue, "Although we have no specifics, we think that if we could look at Panak's phone we could find evidence to support a claim against him." But Rule 56(d) does not work that way.

8. As the United States Supreme Court made clear decades ago, "the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

9. Rule 56 is not, therefore, a vehicle for turning conclusory allegations into facts.

10. As articulated extensively to this Court in Panak's Motion for Summary Judgment, supporting brief, and reply to Plaintiffs' opposition to said motion, Plaintiffs have neither alleged nor proffered evidence of any facts that could result in a verdict against Panak. Thus, Plaintiffs cannot obtain targeted limited discovery or any other kind of discovery.

WHEREFORE Panak respectfully requests that this Court grant the following relief:

1. Deny Plaintiffs' Motion for Targeted Limited Discovery; and

2. Grant such other relief this Court deems just and proper.

Dated: December 31, 2025                    Respectfully submitted,

**WILLIAM F. PANAK**


By: */s/ Dale E. Wolf II*
Thomas M. Wolf (VSB No. 18234)
Dale E. Wolf II (VSB No. 101561)
O'Hagan Meyer PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7108
Facsimile: (804) 403-7110
Email: *Twolf@ohaganmeyer.com*
Email: *Dwolf@ohaganmeyer.com*

*Counsel for Defendant*

#10702555v3

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 31st day of December 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties and counsel of record.

                                        */s/ Dale E. Wolf II*
                                        Dale E. Wolf II (VSB No. 101561)

#10702555v3