IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)



MICHAEL C. HILD and
LAURA D. HILD,
Plaintiffs,

v.     Civil Action No. 3:25-cv-01000

RUSSELL WALKER and
WILLIAM F. PANAK,
Defendants.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT WALKER'S MOTION TO DISMISS

## INTRODUCTION

Defendant Russell Walker's Motion to Dismiss seeks to convert a Rule 12(b)(6) pleading motion into a referendum on his preferred factual narrative. The Motion does not challenge the sufficiency of Plaintiffs' claims as pleaded—it simply denies responsibility and attempts to re-litigate external events unrelated to the allegations in this case. Notably, Defendant nowhere denies sending the communications at issue; he only attempts to justify them.

Representative documentary evidence supporting these allegations, including exemplar emails, police documentation, and cease-and-desist communications, accompany this filing and are referenced for context only at this stage. See **Exhibits A–C.**

1

The Complaint alleges that Defendant Walker executed a targeted, malicious, and sustained campaign of harassment, intimidation, and reputational destruction directed at Plaintiff Laura Hild's employers, executive leadership, coworkers, and paying clients, for the admitted purpose of destroying her ability to work and permanently ending her career. That conduct is actionable under Virginia law.

Plaintiffs have alleged specific acts, specific messages, specific recipients, a clear timeline, causation, and substantial damages. The pleading requirements under Twombly / Iqbal are satisfied. Defendant's Motion is fact-driven, credibility-driven, and improper at the Rule 12(b)(6) stage.

The representative emails attached as **Exhibit A** reflect the tone, escalation, targeting, repetition, and intent alleged in the Complaint. These materials are submitted not for factual adjudication at this stage, but to illustrate the plausibility of Plaintiffs' allegations. Consistent with Rule 12(b)(6), these materials are offered only as representative context and the Court need not rely on them to deny dismissal.

It must be denied.

**LEGAL STANDARD**

Under Rule 12(b)(6), the Court must:

- accept all well-pleaded allegations as true
- draw all reasonable inferences in Plaintiffs' favor
- determine only whether Plaintiffs stated a plausible claim

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The Court may not weigh evidence, adjudicate facts, or resolve credibility disputes. See *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

**ARGUMENT**

**I. Walker's Argument That His Statements Were "True" Is Not a 12(b)(6) Defense**

Walker does not challenge whether Plaintiffs pled actionable conduct. Instead, he argues his statements were "truthful" and therefore justified. That is not a pleading-stage defense.

Whether his statements were:

- truthful
- misleading
- selectively framed
- defamatory in implication
- or knowingly designed to destroy employment relationships

is a fact question, improper for dismissal. More importantly:

Even objectively true statements can be actionable where they are weaponized as part of a malicious and targeted campaign to interfere with employment and contractual relations. See *Dunn, McCormack & MacPherson v. Connolly*, 708 S.E.2d 867 (Va. 2011).

This is precisely what Plaintiffs allege:

3

- repeated, escalating email waves
- burner accounts to conceal identity
- direct targeting of executives and paying clients
- threats implying government pursuit
- deliberate intent to induce termination

That is tortious conduct—even if Walker now attempts to sanitize it.

Notably, nowhere in Defendant Walker's Motion to Dismiss does he deny sending the communications at issue—either to Plaintiff Laura Hild, her supervisors, senior leadership, coworkers, or clients. He does not contest authorship or deny the conduct alleged. Instead, he attempts to justify it. That posture confirms that Defendant's argument is not a Rule 12(b)(6) pleading challenge, but rather a factual defense inappropriate for resolution at the motion to dismiss stage.

**II. Plaintiffs State A Claim For Tortious Interference**

Plaintiffs specifically allege:

1. Existence of valid employment and business relationships (HKS employment; active client contracts)

2. Defendant's knowledge of those relationships (Walker directly emailed them)

3. Intentional interference (emails expressly intended to sever those relationships)

4. Improper methods (concealment, harassment, intimidation, malicious harm intent)

5. Resulting damages (termination, career destruction, economic loss)

That satisfies Virginia law.

See **Exhibit A** (sample communications sent directly to employer and clients); **Exhibit B** (**Exhibit B** is referenced not for the truth of any statements contained therein, but to demonstrate the seriousness of the conduct, the credibility concerns it created, and the real-world consequences triggered by Defendant's campaign); and **Exhibit C** (formal cease-and-desist issued to Walker). Following the December 16, 2022 cease-and-desist letter, Defendant ceased communications, but the damage — including loss of employment — had already been done. Walker's filing does not contest the elements. Instead, it asserts—essentially—that Plaintiffs "deserved" the resulting harm. That is not a legal defense. See *Commerce Funding Corp. v. Worldwide Sec. Servs.*, 249 F.3d 204 (4th Cir. 2001).

### III. Bankruptcy / shareholder loss arguments are irrelevant and provide no defense

To the extent Defendant attempts to justify his conduct by asserting that he and Defendant Panak were shareholders of Live Well Financial whose equity was lost through bankruptcy proceedings, That contention is legally irrelevant and provides no defense to Plaintiffs' claims. Nor can it support any counterclaim.

Any alleged injury arising from the loss of corporate value or shareholder equity is a derivative injury belonging to the corporation, not to an individual shareholder. "A shareholder—even a sole shareholder—does not have standing to bring claims based on injuries to the corporation." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477–80 (2006); see also *Franchise Tax Bd. v.*

*Alcan Aluminum*, 493 U.S. 331, 336 (1990) (injuries flowing from diminished corporate value are derivative). Loss of share value is not a personal tort injury under Virginia law.

Here, any claims arising from Live Well's corporate conduct belong exclusively to the bankruptcy estate, and the Chapter 7 Trustee, not to Defendant Walker or Defendant Panak. See In re *Bogdan*, 414 F.3d 507, 512 (4th Cir. 2005) (upon bankruptcy, causes of action become property of the estate and may be pursued only by the trustee); *National American Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441–42 (4th Cir. 1999). The Trustee has already pursued whatever claims he deemed appropriate in the proper forum.

Accordingly, Defendants cannot repackage alleged corporate-level disputes, bankruptcy allegations, or purported "fraud against the company" as personal tort defenses, nor use them to justify a campaign of targeted harassment and intentional interference directed at Plaintiffs' employment and livelihood. Even if such allegations were true (they are not), they provide no legal justification for the conduct at issue in this case and cannot defeat Plaintiffs' well-pled tort claims.

### IV. Walker's Motion Proves Plaintiffs' Theory

The Motion itself reveals:

- the same scorched-earth, hostile tone Walker used in his harassment campaign
- the same litigation-as-weaponization conduct
- the same fixation and malice

He previously sprayed this rhetoric into workplaces and client environments. Now he aims it at this Court. The pattern is indistinguishable.

**V. Proximate Cause Is Plausibly Alleged**

Walker will likely argue that HKS made an independent decision. Virginia law requires only plausibility at pleadings, not proof.

Plaintiffs plausibly allege that Walker deliberately interfered with Laura Hild's employment and client relationships by directing repeated, escalating, reputation-damaging communications to HKS leadership, coworkers, and paying clients; that HKS responded to these communications by restricting Laura's client engagement and ultimately terminating her employment; and that Walker's conduct was a substantial factor in producing that result.

At this stage, those allegations must be accepted as true and are more than sufficient to establish plausibility. Whether Walker's interference was the proximate cause of termination presents a fact question reserved for discovery and the jury—not for dismissal.

**VI. Plaintiffs State Emotional Distress & Damages Claims**

Walker's conduct was:

- targeted
- malicious
- repetitive
- humiliating
- designed to destroy livelihoods

The persistence, concealment tactics, escalation across multiple email identities, direct targeting of clients, and continuation even after warnings and law enforcement involvement further support the plausibility of Plaintiffs' claims. See **Exhibits A–C**.

Virginia recognizes recovery when conduct is "outrageous and intolerable in a civilized society." *Womack v. Eldridge*, 210 S.E.2d 145 (Va. 1974).

Sending burner emails to clients threatening reputational ruin and career death qualifies.

**CONCLUSION**

Defendant Walker's Motion is a premature attempt to rewrite facts and escape discovery. Plaintiffs have stated valid claims.

The Motion should be denied. A Proposed Order is submitted contemporaneously herewith as **Exhibit E**.

DATED: December 31, 2025.

Respectfully submitted,

_____
Michael C. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com
804.306.4314

_____
Laura D. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
804.873.8384

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Richmond Division)

MICHAEL C. HILD and
LAURA D. HILD,
Plaintiffs,

v.  Civil Action No. 3:25-cv-01000

RUSSELL WALKER and
WILLIAM F. PANAK,
Defendants.

## EXHIBIT SCHEDULE

**Exhibit A – Representative Emails**

**Exhibit B – Police Report**

**Exhibit C – Cease-and-Desist**

**Exhibit D – Declaration**

**Exhibit E – Proposed Order**

Dated December 31, 2025.

Respectfully submitted,

_____
Michael C. Hild, pro se

_____
Laura D. Hild, pro se