IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)



MICHAEL C. HILD and
LAURA D. HILD,
Plaintiffs,

v.  Civil Action No. 3:25-cv-01000

RUSSELL WALKER and
WILLIAM F. PANAK,
Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANT WALKER'S MOTION TO STAY DISCOVERY AND, IN THE ALTERNATIVE, CROSS-MOTION FOR LIMITED DISCOVERY**

Plaintiffs Michael C. Hild and Laura D. Hild ("Plaintiffs"), pro se, respectfully submit this Opposition to Defendant Russell Walker's Motion to Stay Discovery pending resolution of his Motion to Dismiss. For the reasons stated below, the Motion should be denied. In the alternative, if the Court is inclined to impose any stay, Plaintiffs respectfully move for narrowly-tailored, limited discovery necessary to preserve evidence, resolve threshold factual issues, and prevent prejudice.

**INTRODUCTION**

Defendant seeks the extraordinary remedy of a complete discovery freeze based on the assertion that his Motion to Dismiss will dispose of the case. The Fourth Circuit has repeatedly made clear that discovery stays are the exception, not the rule, and are appropriate only when a movant demonstrates a clear and compelling need. Defendant has not done so.

This is not a situation where discovery is unnecessary to the proper adjudication of the case. Even accepting Plaintiffs' allegations as true for Rule 12(b)(6) purposes, narrowly tailored discovery is essential to preserve critical electronic evidence, prevent loss of account-level data, and ensure that the case may proceed efficiently if the Motion to Dismiss is denied, including:

- authorship of burner-account emails

- the scope, frequency, and targeting of the communications

- intent and purpose behind his conduct

- causation and resulting employment harm

Defendant's strategy is transparent: seek delay, avoid accountability, and prevent creation of a factual record. Federal Rule of Civil Procedure 1 requires the "just, speedy, and inexpensive determination" of every action. A discovery freeze accomplishes none of those purposes and materially prejudices Plaintiffs.

If the Court is nevertheless inclined to consider some form of stay, the appropriate balance is not paralysis; it is limited, targeted discovery to address those foundational factual issues and preserve critical evidence.

**LEGAL STANDARD**

Courts in the Fourth Circuit evaluate requests to stay discovery using three primary factors:

1. the strength of the underlying motion to dismiss
2. prejudice to the non-moving party

3. burden on the moving party

See *L'Occitane, Inc. v. Tran Source Logistics, Inc.*, No. 1:09-cv-00476, 2009 WL 3746690 (E.D. Va. Aug. 5, 2009); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

A pending Rule 12(b)(6) motion, standing alone, does not justify a stay.

## ARGUMENT

### I. Defendant's Motion to Dismiss Does Not Justify Halting Discovery

The mere filing of a Rule 12(b)(6) motion does not entitle a party to suspend discovery. Courts in this Circuit consistently reject automatic stay requests.

Plaintiffs have alleged specific and plausible facts establishing:

- repeated and escalating communications

- burner email identity concealment

- direct targeting of employer executives, coworkers, and paying clients

- deliberate intent to destroy employment

- resulting harm

For Rule 12 purposes, those allegations must be accepted as true. Discovery is appropriate.

Defendant does not deny sending the communications at issue. In both his Motion to Dismiss and Motion to Stay Discovery, Defendant Walker never disputes that he authored and transmitted the emails directed to Mrs. Hild, her employer, corporate leadership, coworkers, and paying clients. His litigation posture is not "I did not do this," but rather that he believes his conduct was justified. That undisputed reality eliminates any suggestion that discovery is speculative and confirms that discovery is both necessary and appropriate to address the conduct alleged in the Complaint. Defendant's effort to distract the Court with unrelated bankruptcy and shareholder rhetoric does not change that conclusion.

Because Defendant does not contest authorship and the communications are known to exist, delaying discovery only increases the risk of loss, deletion, or degradation of highly relevant evidence.

## II. Plaintiffs Will Be Prejudiced By Delay

A stay is not neutral; it causes real harm. Evidence at risk includes:

- server-dependent email meta-data

- IP logs linking burner accounts to devices/locations

- potential third-party data loss

- fading witness recollection

- spoliation risks

Much of the relevant evidence, including burner-account subscriber records, IP log data, routing metadata, and server-level authentication records, resides with third-party email providers who retain such materials for limited periods; delay materially increases the risk that this evidence will be lost and forever unavailable. Once those records are gone, they cannot be recreated, meaning a stay risks permanently depriving Plaintiffs of critical proof on authorship, intent, and causation. This is not hypothetical risk.

Each day increases risk of irretrievable evidentiary loss. Plaintiffs meanwhile continue to suffer reputational and economic harm while Defendant benefits from delay. This is exactly why courts disfavor discovery freezes.

A stay here would not preserve judicial resources; it would only reward delay, increase spoliation risk, and prejudice Plaintiffs.

### III. Defendant Identifies No Undue Burden

Defendant does not argue that discovery would be oppressive, voluminous, or cost-prohibitive. He simply prefers not to participate. That is not a lawful basis to stay discovery.

### ALTERNATIVE RELIEF: LIMITED DISCOVERY SHOULD PROCEED

If the Court is inclined to consider any limitation, Plaintiffs respectfully request that instead of a full stay, narrowly-tailored discovery be permitted.

Courts in this Circuit routinely adopt limited discovery where factual development is important and dismissal arguments are pending.

Plaintiffs do not seek broad merits discovery, depositions, or costly document fishing. The limited discovery requested is discrete, narrowly targeted, and designed primarily to preserve evidence at risk of spoliation.

**A. Scope of Requested Limited Discovery**

Plaintiffs request permission to conduct the following discrete discovery:

1. Authentication of burner-account communications

• subscriber data

• IP logs

• account creation data

• limited interrogatories regarding authorship

2. Production of Defendant's communications relating to Plaintiffs sent to:

• employer executives

• coworkers

• clients

• third parties concerning Plaintiffs

3. Preservation Order

• prohibiting deletion or alteration of relevant email, cloud storage, and electronic communication records

This is modest, targeted, and directly related to claims and defenses already before the Court.

**B. Limited Discovery Promotes Efficiency**

Limited discovery will:

• preserve critical evidence

• reduce later disputes

• narrow factual issues

• prevent duplicative motion practice

This is the most efficient course.

## CONCLUSION

Defendant has not met the burden to justify a discovery stay. The Motion should be denied.

In the alternative, Plaintiffs respectfully request entry of an order authorizing limited discovery as outlined above and granting such other relief as justice requires.

Defendant cannot simultaneously (1) refuse to deny authorship, (2) rely on his own factual narrative, and (3) seek to block discovery into the very conduct he implicitly acknowledges occurred.

A Proposed Order is submitted contemporaneously herewith as **Exhibit A**.

DATED: December 31, 2025.

Respectfully submitted,

_____
Michael C. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com
804.306.4314

_____
Laura D. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
804.873.8384

# CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2025, a true and correct copy of the foregoing was served

by U.S. Mail upon counsel for Defendant William F. Panak at:

Thomas M. Wolf, Esq.
Dale E. Wolf, Esq.
O'Hagan Meyer, PLLC
411 E. Franklin Street, Suite 500
Richmond, VA 23219

by U.S. Mail upon counsel for Defendant Russell Walker at:

Andrew T. Bodoh, Esq.
Thomas H. Roberts & Associates, P.C.
105 S. 1st Street
Richmond, VA 23219-3718

A courtesy copy was also sent via email to Twolf@ohaganmeyer.com and Dwolf@ohaganmeyer.com
andrew.bodoh@robertslaw.org

_____
Michael C. Hild, pro se

_____
Laura D. Hild, pro se