IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL C. HILD, et al.,**
    **Plaintiffs,**
v.                                                                            Case No. 3:25-cv-1000
**RUSSELL WALKER, et al.,**
    **Defendants**

## WALKER'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Comes now Defendant Russell Walker, by counsel, and states the following in reply in support of his Motion to Dismiss for Failure to State a Claim (**ECF Doc. 15, 16**).

### I.     The Hilds' Responses Seem To Be AI-Generated Nonsense

The Hilds' responses to Mr. Walker's motion to dismiss (**ECF Docs. 23-24**) and motion to stay discovery (**ECF Doc. 25-26**) appear to have been spewed from a commonplace generative chatbot masquerading as artificial intelligence. These responses are, in the recent words of Judge Young, "a computer-generated morass that only serves to waste court time and resources." *Mitchel v. Stellantis Fin. Servs.*, Civil Action No. 3:24CV882 (RCY), 2025 U.S. Dist. LEXIS 183993, at *5 n.6 (E.D. Va., Rich. Div. Sep. 18, 2025).

Specifically, the Hilds' responses are highly articulated, utterly confident, and so fundamentally flawed one cannot even call them wrong. They repeatedly gaslight the Court with false claims about Hilds' Complaint and Mr. Walker's motions. For example, the Rule 12(b)(6) response claims, "The Complaint alleges *detailed*, plausible, and well-pleaded facts *supporting each element* of Plaintiffs' claims" and "Plaintiffs have alleged specific acts, *specific messages*, specific recipients, a clear timeline, causation, and substantial damages." **ECF Doc. 23 at 1** (emphasis added); **ECF Doc. 24 at 2** (emphasis added). The Complaint simply does not do so in

1

any conceivable fashion. Likewise, the same response says Mr. Walker's motion "denies responsibility" and "attempts to justify" his conduct, such as by "argu[ing] his statements were 'truthful'" or that "Plaintiffs 'deserved' the resulting harm." **ECF Doc. 24 at 1, 3-5.** None of this is real. **ECF Doc. 16.**

The Hilds' AI chatbot does not even notice (or otherwise hopes the Court will not notice) when it contradicts itself. For instance, in the space of two sentences, the Hild's Rule 12(b)(6) response claims Mr. Walker both "simply denies responsibility" and "nowhere denies sending the communications at issue; he only attempts to justify them." **ECF Doc. 24 at 1**. Only a chatbot would think someone can simultaneously "simply deny" and "nowhere den[y]," or "simply deny" and "attempt[] to justify." At another point, the same response suggests Mr. Walker's "argument is not a Rule 12(b)(6) pleading challenge" because "nowhere in Defendant Walker's Motion to Dismiss does he deny sending the communications at issue." **ECF Doc. 24 at 4.** The chatbot apparently hasn't been trained that a Rule 12(b)(6) pleading isn't supposed to deny the Plaintiffs' allegations, but instead shows the Court that despite the allegations, there is no viable claim—an approach the chatbot mischaracterizes as trying to "justify" the alleged conduct. **ECF Doc. 24 at 4.**

The Hilds' AI software also seems to forget who is suing whom, taking time to explain to all of us that Mr. Walker cannot sue Mr. Hild for the loss of shareholder value, both for lack of standing and because "[l]oss of share value is not a personal tort injury under Virginia law." **ECF Doc. 24 at 5-6.** And although this chatbot asserts Mr. Hild's fraud "provide[s] no legal justification for the [Mr. Walker's] conduct at issue" (**ECF Doc. 24 at 6**), it cannot explain why, in a country that reveres the First Amendment, Mr. Walker would need "legal justification" for his alleged conduct of sending bothersome emails. *Cf. Counterman v. Colorado*, 600 U.S. 66

(2023) (discussing the conditions and *mens rea* requirements necessary for states to permit civil or criminal punishment for written communications).

More troubling, while the responses signed by the Hilds cite real cases, they do so unreliably: the quotations are hallucinations, and one brief states the opposite of the true holding of the cited case. For instance, the Hilds' Rule 12(b)(6) response quotes *Womack v. Eldridge*, 210 S.E.2d 145 (Va. 1974) as using this exact phrase: "outrageous and intolerable in a civilized society." **ECF Doc. 24 at 8**. But never once does the cited opinion use the words "civilized" or "society" or any variation thereof. Likewise, the purported quote from *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477-80 (2006) is entirely fabricated. **ECF Doc. 24 at 5**. Similarly, the Hilds cite *Dunn, McCormack & MacPherson v. Connolly*, 708 S.E.2d 867 (Va. 2011) for the proposition that "[e]ven objectively true statements can be actionable where they are weaponized as part of a malicious and targeted campaign to interfere with employment and contractual relations." **ECF Doc. 24 at 3**. But *Dunn* in fact reached the exact opposite conclusion: "[The plaintiff] fails to appreciate the limited nature of what constitutes 'improper' interference in cases involving contracts terminable at will. ***We will not extend the scope of the tort to include actions solely motivated by spite, ill will and malice.***" *Id.*, 708 S.E.2d at 871 (emphasis added).

"While pro se litigants are understandably held to a less stringent standard than parties represented by counsel, a baseline, common-sense standard nonetheless requires that all parties refrain from citing non-existent case law and quoting non-existent language." *Kulkarni v. MSPB*, 2025 U.S. App. LEXIS 32662 at *6 (Fed. Cir. Dec. 15, 2025). As one Court has correctly noted, "The term 'hallucination' softens the reality of what generative AI is producing and what parties are presenting to courts—lies." *Pauliah v. Univ. of Miss. Med. Ctr.*, 2025 U.S. Dist. LEXIS 267306 at *3 n.3 (S. Dist. Miss, Dec. 30, 2025).

3

The Court can decide how it would like to proceed, under its inherent authority or under its Rule 11 authority, but these manifest errors undermine the credibility of the arguments the Plaintiffs offer. Behind the sweet words the chatbots whisper, there is no true thought or legal analysis. Like a shyster shilling for a swindler, the chatbot is ready to say anything it might, and so the arguments presented must be approached with great skepticism and supreme caution.

## II. The Hilds Disregard the Standard of Review

The Hilds Rule 12(b)(6) response disregards the appropriate standard of review in two ways. First, it attempts to introduce evidentiary material and a testimonial declaration to bolster the defective complaint. Second, it assumes Mr. Walker's mandated non-denial of allegations in the Complaint constitutes proof that the Hilds' claims have merit.

On the first point, the Hilds respond to Mr. Walker's Rule 12(b)(6) motion by throwing before this Court some twenty pages of emails purportedly from Mr. Walker, a police report, a letter from Ms. Hild's one-time attorney, and a co-signed declaration under the penalty of perjury. **ECF Docs 24-1 to -4.** None of this is admissible in opposition to a Rule 12(b)(6) motion. A Rule 12(b)(6) motion tests the adequacy of a complaint, and not the adequacy of the evidence, and "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy" *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). The plaintiffs cannot, as they propose, "illustrate the plausibility of Plaintiffs' allegations" in the Complaint by submitting, in response to a Rule 12(b)(6) motion, evidentiary material that does not appear in the Complaint. **ECF Doc. 24 at 2**. While the Hilds plead the Court "need not rely on" these exhibits "to deny dismissal," they imply the Court *can* rely on them, if the Court wishes. **ECF Doc. 24 at 2.** But Court *cannot* rely on these exhibits, as they were not part of the Complaint and are not the kind of facts that

4

may be judicially noticed under Federal Rule of Evidence 201. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

Second, the Hilds repeatedly harp on the fact that Mr. Walker has not denied sending the emails. They act as if Mr. Walker's (process-mandated) non-denial were proof that the Hilds claims have legal merit and should be allowed to proceed. The Hilds assert, "Defendant nowhere denies sending the communications at issue," and "[N]owhere in Defendant Walker's Motion to Dismiss does he deny sending the communications at issue . . . . He does not contest authorship or deny the conduct alleged." **ECF Doc. 24 at 1, 4.** They argue the tone and content of the motion to dismiss correlates to the "hostile tone Walker used in his harassment campaign" (**ECF Doc. 24 at 6-7**), as though proving the association is the only element necessary to state a claim for relief. In this way, the Plaintiffs misses the point of a Rule 12(b)(6) motion. Mr. Walker *does not get to deny* allegations of the Complaint at this stage. He must accept arguendo the very few well-pleaded factual allegations within the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, (2009). But even if we take the properly pleaded allegations to be true, the Hild Complaint fails to state a claim, as discussed in **ECF Doc. 16** and in the next section of this Reply.

### III. The Hilds Fail To Address, or To Address Adequately, Mr. Walker's Rule 12(b)(6) Arguments

The Hilds' Response to Mr. Walker's Rule 12(b)(6) motion entirely fails to address Mr. Walker's first argument, namely that the Complaint fails to plausibly allege that Mr. Walker was part of a conspiracy, agreement, or joint undertaking with respect to his allegedly tortious communications. **ECF Doc. 16 at 12-14**. On this basis alone, Counts I and II fail. Even with the bounty of emails and the declaration improperly proffered, they fail to point to anything specific intimating that a conspiracy was more than a mere possibility. Notably, these are the only Counts

in which Michael Hild shares a claim, and so he must be dismissed as a plaintiff. *See* **ECF Doc. 1 ¶¶ 26-29** (limiting Count III to Mrs. Hild alone).

The Hilds' Response to Mr. Walker's Rule 12(b)(6) motion likewise entirely fails to address Mr. Walker's second argument, namely that the Complaint fails to identify any business interest protected under Code § 18.2-499 or -500 that was harmed by Mr. Walker's alleged conduct. **ECF Doc. 16 at 14-15**. On that basis, Count I must be dismissed.

The Hilds' Response to Mr. Walker's Rule 12(b)(6) motion also entirely fails to address Mr. Walker's fourth argument, namely that Count II is, on its face, barred by the statute of limitations. **ECF Doc. 16 at 17-18**. On this basis, Count II must be dismissed.

The Hilds' Response furthermore does not address Mr. Walker's fifth argument, namely that the Complaint does not allege facts to show Mrs. Hild reasonably likely would have kept her employment. **ECF Doc. 16 at 18-20**. This is not simply a question of proximate cause, as the Hilds suggest. **ECF Doc. 24 at 7**. A plaintiff must show *both* that it is reasonably certain the relationship would have continued *and* that the defendant's interference proximately caused damages. Va. Mod. Jur. Ins. (Civil 40.200); *Commercial Bus. Sys. V. Halifax Corp.*, 253 Va. 292, 301 (1997). And while the Hilds deride Mr. Walker for citing and producing court records demonstrating the Hilds' public, extraneous legal troubles leading up to Laura Hild's termination (**ECF Doc. 24 at 1, 5-7**), the Hilds do nothing to refute the right of this Court to judicially notice those facts in reviewing this Rule 12(b)(6) motion. *See* Fed. R. Evid. 201. Therefore, for the reasons stated at **ECF Doc. 16 at 18-20**, Count III can be dismissed for failing to state facts showing a plausible claim that Mrs. Hild reasonably likely would have kept her employment.

Moreover, the Hilds have not demonstrated that there was underlying tortious, criminal, or improper conduct, as required for each of the counts to survive. *See* **ECF Doc. 16 at 8-12, 15-**

**17**. The Hilds provide a laundry list of terms purporting to describe Mr. Walker's conduct— "harassment, intimidation, and reputational destruction"; "concealment, harassment, intimidation, malicious harm intent"; "targeted harassment and intentional interference"; "repeated, escalating, reputation-damaging" —but these do not signify that the written communications tortious or legally improper. **ECF Doc. 24 at 2, 4, 7.** For instance, the Hilds fail to point to any specific statement in Mr. Walker's alleged communications that is factually false and actionable as defamation. Instead, the Hilds (or their chatbot) try to avoid this obligation by asserting, on the authority of *Dunn, McCormack & MacPherson v. Connolly*, 708 S.E.2d 867, that "[e]ven objectively true statements can be actionable where they are weaponized as part of a malicious and targeted campaign to interfere with employment and contractual relations." But *Dunn* in fact reached the exact opposite conclusion: "***We will not extend the scope of [tortious interference, in an at-will contract situation] to include actions solely motivated by spite, ill will and malice.***" *Id.*, 708 S.E.2d at 871 (emphasis added). As such, each of these counts must be dismissed.

The Hilds have therefore failed to rebut Mr. Walker's arguments seeking dismissal of the Complaint under Rule 12(b)(6).

**IV.    Conclusion**

For the foregoing reasons, and the reasons stated in ECF Doc. 15 and 16, Mr. Walker moves this Court to dismiss the Hilds' Complaint (ECF Doc. 1) for failure to state a claim, pursuant to Rule 12(b)(6).

RESPECTFULLY REQUESTED,
RUSSELL WALKER
By: _/s/ Andrew T. Bodoh
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C.

105 South 1st Street
Richmond, Virginia 23219
Tel: 804-991-4260
Fax: 804-783-2105
*Counsel for Russell Walker*

## CERTIFICATE

I hereby certify that on January 6, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following party via email and mail to the plaintiffs pro se on as follows:

Michael C. Hild
2302 East Marshall Street
Richmond, VA 23223
(804) 307-7837
michaelchristopherhild@gmail.com
*Pro se plaintiff*

Additionally, the following parties, as a user of the CM/ECF, will receive a copy thereby.

Laura D. Hild
2302 East Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
*Pro se plaintiff*

Thomas M. Wolf (VSB No. 18234)
Dale E. Wolf II (VSB No. 101561)
O'Hagan Meyer PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7108
Facsimile: (804) 403-7110
Email: Twolf@ohaganmeyer.com
Email: Dwolf@ohaganmeyer.com
*Counsel for William F. Panak*

By: /s/ Andrew T. Bodoh
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C.
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-991-4260
Fax: 804-783-2105
*Counsel for Russell Walker*