IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL C. HILD,

And

LAURA D. HILD

                Plaintiffs,

v.

                Case No: 3:25-CV-001000

RUSSELL WALKER

And

WILLIAM F. PANAK

                Defendants.

## ANSWER

COMES NOW Defendant, RUSSELL WALKER ("Walker"), by counsel, and for his Answer to Plaintiffs' Complaint, state as follows:

### JURISDICTION AND VENUE

1. In response to Paragraph 1, Walker admits this Court has jurisdiction over Plaintiffs' claims.

2. In response to Paragraph 2, Walker denies he committed any intentional torts that were expressly aimed at Virginia residents with the knowledge and intent that the harm would be suffered in Virginia. Walker avers that pursuant to Fire Clean, LLC v. Tuohy, 2016 U.S. Dist. LEXIS 96294, these allegations would be insufficient to convey personal jurisdiction against him.

3. Walker denies the allegations of Paragraph 3, see above.

## PARTIES

4. Walker admits the allegations of Paragraphs 4, 5, and 6.

## FACTUAL ALLEGATIONS

5. Walker admits the allegations in Paragraph 7 as to him.

6. Walker denies the allegations in Paragraph 8 as to him and demands strict proof thereof.

7. Walker denies the allegations in Paragraph 9 as to him and demands strict proof thereof.

8. In response to Paragraph 10, Walker admits he sent emails using accounts including russwalker@mindspring.com, delosvinos@yahoo.com, and lavidaloca000@yahoo.com to Laura Hild's work email at HKS Architects and to co-workers and HKS clients. Otherwise denied and demands strict proof thereof.

9. Walker denies the allegations in Paragraph 11 as to him and demands strict proof thereof.

10. Walker does not have sufficient information to admit or deny most of the allegations in Paragraph 12. However, Walker denies any allegations in Paragraph 12 that allege any improper, illegal, or defamatory action as to him and demands strict proof thereof.

11. Walker does not have sufficient information to admit or deny most of the allegations in Paragraph 13. However, Walker denies any allegations in Paragraph 12

that allege any improper, illegal, or defamatory action as to him and demands strict proof thereof.  Walker avers that any negative effect on Mr. or Mrs. Hild's professional reputation are due to the acts of others – including Mr. and Mrs. Hild themselves – and denies that any alleged action taken by Walker contributed to the irreparably and permanently destroyed professional reputation.

12.     Walker does not have sufficient information to admit or deny most of the allegations in Paragraph 14.  However, Walker denies any allegations in Paragraph 14 that allege any improper, illegal, or defamatory action as to him and demands strict proof thereof.  Walker avers that loss of consortium is not a valid claim in Virginia and any personal reputational harm cannot support damages for tortious business interference.

13.     Walker denies any allegations in Paragraph 15 that allege any improper, illegal, or defamatory action as to him and demands strict proof thereof.

14.     Walker does not have sufficient information to admit or deny most of the allegations in Paragraph 16 – including allegations of secret government actions.  However, Walker denies any allegations in Paragraph 16 that allege any improper, illegal, or defamatory action as to him and demands strict proof thereof.

## COUNT I- STATUTORY BUSINESS CONSPIRACY

15.     In response to Paragraph 17 of Plaintiff's Complaint, Walker restates his responses to Paragraphs 1 – 16 as set forth above.

16. Walker denies the allegations in Paragraphs 18, 19, 20 and 21.  Walker further avers that the Complaint fails to state a claim permitting relief because it fails to allege an illegal or impermissible act.

## COUNT II – COMMON LAW CONSPIRACY

17. In response to Paragraph 21 of Plaintiff's Complaint, Walker restates his responses to Paragraphs 1 – 20 as set forth above.

18. Walker denies the allegations in Paragraphs 23 and 24.  Walker further avers that the Complaint fails to state a claim permitting relief because it fails to allege an illegal or impermissible act or that the co-Defendants committed any illegal or impermissible act in concert.  Plaintiff merely alleges that one ratified the others independent act.  This is not a conspiracy under Virginia law.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT/ BUSINESS EXPECTANCY

19. In response to Paragraph 25 of Plaintiff's Complaint, Walker restates his responses to Paragraphs 1 – 24 as set forth above.

20. Walker admits the allegations in Paragraphs 26 upon information and belief and 27.

21. Walker denies the allegations in Paragraphs 28 and 29 as to him and demands strict proof thereof.  Walker further avers that the Complaint fails to state a claim permitting relief because it fails to allege an illegal or impermissible act and seeks only damages that are not permitted or recoverable under this legal theory (even if proven true) under Virginia law.

PRAYER FOR RELIEF

22.  In response to Plaintiff's Prayer for Relief, Walker denies Plaintiffs are entitled to the relief sought in subsections "A.", "B.", "C.", "D.", "E.", and "F" and denies any sum is owed Plaintiffs by him.

AFFIRMATIVE DEFENSES

23.  Walker will rely on the defense that Plaintiffs claims are barred by the applicable one-year statute of limitations as the underlying alleged tortious activity is defamation, pursuant to Virginia Code Section 8.01-247.1.

24.  Walker will rely on the defense that as to any allegations of personal injury, those claims are barred by the applicable two-year statute of limitations under Virginia Code Section 8.01-243.

25.  Walker will rely on the defense that Count I is barred by the applicable two-year statute of limitations under Virginia Code Section 8.01-248.

26.  Walker's actions were justified, in as much as the statements he made were true or substantially true.

27.  Walker is entitled to qualified privilege.

28.  Walker's communications are protected from civil liability under the First Amendment.

29.  Walker is immune from liability, and entitled to attorney fees, pursuant to Virginia Code Section 8.01-223.2.

30.  Walker reserves the right to affirmatively allege that Plaintiffs were guilty of contributory negligence, improper overt acts including commission of crimes, and/or

assumption of the risk, which were the proximate cause of the alleged injuries and damages.

31. Walker reserves his right to enlarge and/or modify this Answer at any time during these proceedings, and to rely upon any and all affirmative defenses not raised hereinabove.

A TRIAL BY JURY IS HEREBY DEMANDED.

WHEREFORE, Defendant, RUSSELL WALKER, demands judgment in his favor against Plaintiffs and requests the costs on his behalf expended, and attorney fees, pursuant to Virginia Code Section 8.01-223.2.

                                                    RUSSELL WALKER

                                                    /S/ David L. Campbell, Esquire
                                                    _____

David L. Campbell, Esquire
Virginia State Bar Number 75960
Co- Counsel for Defendant Walker
DUANE, HAUCK, DAVIS, GRAVATT & CAMPBELL, P.C.
100 W. Franklin Street, Suite 100
Richmond, Virginia 23220
(804) 644-7400 Telephone
(804) 649-8329 Facsimile
dcampbell@dhdgclaw.com

Andrew T. Bodoh, Esquire
Virginia State Bar Number 80143
Co-Counsel for Defendant Walker
THOMAS H. ROBERTS & ASSOCITES, P.C.
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-991-4260
Fax: 804-783-2105
Andrew.bodoh@robertslaw.org

6

## CERTIFICATE OF SERVICE

I hereby certify that on this __14th__ day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to Plaintiffs and all counsel of record.

/S/ David L. Campbell, Esquire
_____