

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

MICHAEL C. HILD and
LAURA D. HILD,
Plaintiffs,

v.                          Civil Action No. 3:25-cv-01000

RUSSELL WALKER and
WILLIAM F. PANAK,
Defendants.

---

## JOINT RULE 26(f) REPORT

---

### I. Purpose of Rule 26(f) Conference

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Scheduling Order, Plaintiffs

Michael C. Hild and Laura D. Hild (pro se)[1] and counsel for Defendant Russell Walker

conducted a Rule 26(f) conference by telephone on January 16, 2026. Counsel for Defendant

William F. Panak (Thomas M. Wolf, Esq.) participated at the outset of the conference but

subsequently disconnected due to another obligation; counsel for Defendant Russell Walker

thereafter proceeded with the conference.

---

[1] Mr. and Mrs. Hild have prepared and filed this document pro se. It is written in the third person solely for clarity and ease of reference. Mr. and Mrs. Hild are not attorneys. Nothing herein waives any attorney-client privilege or work-product protection applicable to communications with former counsel or to privileged communications in any other matter.
Pursuant to Paragraph 24 of the Court's Scheduling Order, Plaintiffs disclose that this filing was prepared using ubiquitous word-processing, dictation, document-editing, and communication software in which automated and artificial-intelligence–assisted language features are embedded, including speech-to-text, spelling, grammar, and formatting tools. Plaintiffs personally drafted, reviewed, and approved the substance of this filing and certify that any citations or legal authorities included, if any, have been verified for accuracy.

1

The parties discussed the topics required by Rule 26(f), including the nature of the claims and defenses, discovery planning, electronically stored information ("ESI"), privilege, third-party discovery, initial disclosures, supplementation, and settlement.

## II. Claims and Defenses

Plaintiffs state that their claims and Defendants' defenses are set forth in the pleadings. Plaintiffs' Complaint asserts three causes of action:

1. Statutory business conspiracy under Virginia Code §§ 18.2-499 and 18.2-500;
2. Common law conspiracy; and
3. Tortious interference with contract and business expectancy.

During the Rule 26(f) conference, Defendant Walker's counsel requested that Plaintiffs provide additional detail regarding the allegations, including identification of the business interests allegedly harmed and the nature of Plaintiffs' damages.

Plaintiffs stated that the pleadings set forth their claims and that further factual development would occur through discovery and motion practice, and that Plaintiffs were not agreeing to merits-based clarification or narrowing at the Rule 26(f) stage.

The parties note this disagreement and their differing interpretations of the scope of discussion required at the Rule 26(f) stage. Defendant Walker's counsel stated his view that Rule 26(f) contemplates discussion of the factual bases of the parties' claims and defenses beyond what was

2

listed in the complaint, while Plaintiffs stated their view that such matters are appropriately addressed through discovery and, where appropriate, motion practice.

### III. Scope of Discovery

Plaintiffs anticipate discovery of communications, documents, and electronically stored information relevant to the claims and defenses as pleaded, consistent with Federal Rule of Civil Procedure 26(b) and the Court's Scheduling Order.

During the Rule 26(f) conference, Defendant Walker proposed that discovery be limited at the outset by advance agreement on temporal scope (including a five-year lookback tied to Defendants' statute-of-limitations arguments), subject-matter restrictions, and advance specification of Plaintiffs' damages theories and factual predicates.

Plaintiffs stated that they did not agree to advance limitations on discovery scope, timeframe, or subject matter at the Rule 26(f) stage, and that Rule 26(f) does not require Plaintiffs to narrow claims, identify damages theories, or concede merits issues as a condition of proceeding with discovery.

The parties discussed that discovery is expected to include party discovery and third-party discovery and will encompass communications, documents, and ESI relevant to the claims and defenses.

During the conference, the parties discussed discovery issues relating to Defendant Russell Walker's Yahoo email accounts. Defendant Russell Walker's counsel stated that the Yahoo email

3

accounts used by Mr. Walker to send the communications admitted in his Answer were no longer accessible and that Mr. Walker did not possess those emails. Defense counsel further stated that the accounts had been deleted or archived by the service provider due to inactivity after Mr. Walker ceased using them, after Mr. Walker received the Plaintiff's cease-and-desist and preservation letter.

The parties discussed how the status of those email accounts may affect the availability, scope, and mechanics of discovery. No determinations were made at the Rule 26(f) stage regarding the cause, timing, legal implications, or consequences of the account status.

The parties also discussed discovery issues relating to a Mindspring email account associated with Defendant Russell Walker. Plaintiffs asked whether Mr. Walker still maintained that account and whether emails associated with that account had been preserved. Defense counsel stated that he did not know. No determinations were made at the Rule 26(f) stage regarding the existence, contents, or production of any such account or emails.

The parties further discussed discovery issues relating to Plaintiffs' personal email accounts, which were raised by Defendant Walker's counsel. Plaintiffs questioned the scope and relevance of such discovery. Plaintiffs stated that they were not agreeing to advance limitations, inspection, or merits-based narrowing of discovery at the Rule 26(f) stage.

The parties did not reach agreement on advance discovery limitations beyond those imposed by the Federal Rules and the Court's Scheduling Order.

4

## IV. Electronically Stored Information (ESI)

Plaintiffs stated that they anticipate discovery of emails, text messages, messaging applications, and related metadata. Plaintiffs stated that their ESI is maintained on personal email accounts and personal devices and is searchable using standard tools. Plaintiffs did not agree at the Rule 26(f) stage to provide system-level or device-level disclosures beyond what is required by the Federal Rules.

Defendant Walker's counsel asked whether Plaintiffs were proposing device inspection. Plaintiffs stated that they do not consent to device inspection.

Defendant Walker's counsel inquired whether Plaintiffs maintain blogs. Plaintiffs stated that they do not currently maintain blogs and that blogs existed years ago but no longer exist. No determinations were made at the Rule 26(f) stage regarding relevance, scope, or production. Plaintiffs stated that they maintain mainstream social media accounts.

Plaintiffs proposed that all parties preserve potentially relevant ESI.

**Redaction.** The parties discussed redaction in connection with ESI production. Plaintiffs stated that they would attempt to produce documents in unredacted form where practicable. The parties reached a tentative agreement in principle that, if a party produces a redacted document, the producing party will make reasonable efforts to disclose whether (1) the redactions are based on privilege (and identify the basis in general terms), (2) the redacted version is the version responsive to the request, or (3) the producing party does not have, or cannot reasonably locate, a version containing additional unredacted information. The parties further agreed that this

understanding does not constitute a waiver of evidentiary objections.

Plaintiffs designated Michael C. Hild as ESI liaison, with Laura D. Hild as backup.

**Form of Production.** The parties agreed that initial productions will be made in PDF format, text-searchable. Plaintiffs stated that they could not commit at the Rule 26(f) stage to Bates numbering for all productions, but stated that they would like to be able to do so if feasible. Targeted, proportionate requests for native files may follow, subject to good-faith conferral.

**Case Management.** Plaintiffs stated that they do not believe periodic ESI case management conferences are necessary at this time. The parties agreed that either party may request an ESI conference with the Court if disputes arise.

## V. Privilege and Clawback

The parties discussed issues relating to privilege and privilege logs. Defendant Walker's counsel requested a limitation concerning privilege issues and maintaining privilege logs since the date of the complaint. Plaintiffs expressed concern about hypothetical situations in which Defendants changed counsel and began sharing the same counsel but weren't maintaining privilege logs, and so did not consent during the meeting to the proposal. Plaintiffs requested that Defendant Walker's counsel specify the request in writing, which Plaintiffs agreed to review and consider. Defendants' follow-up email proposed that each party is permitted to assert attorney-client or work-product privilege as to communications occurring or records or data created on or after the date of filing of the Complaint that are either (1) between or among a party and that party's attorney(s) (including staff of the attorney(s)' law firm(s)), or (2) between or among a party's

6

attorneys (including staff of the attorneys' law firm(s)). Plaintiffs have not agreed to the request, but are taking it into consideration.

It was agreed that both parties felt a protective order was unnecessary at this time. Defendants stated if discovery used in this case is used for other cases they may request a protective order. Plaintiffs proposed standard privilege principles under the Federal Rules and agreed to standard non-waiver and clawback consistent with those rules.

## VI. Discovery Sequencing and Timing

Plaintiffs advised that they previously served written discovery on Defendants on January 9 and January 12, 2026, following entry of the Court's Omnibus Order but prior to entry of the Scheduling Order. Plaintiffs stated that they intend to re-serve written discovery after the Rule 26(f) conference for efficiency and case-management purposes, including to address sequencing concerns raised by Defendants and to reflect information obtained through Defendant Walker's Answer and admissions, including admissions concerning the sending of the emails at issue, which permit refinement and supplementation of discovery requests. Plaintiffs stated that Defendants' time to respond shall run from the date of re-service, with Plaintiffs expressly waiving reliance on the January 9 and January 12 service dates solely for purposes of calculating response deadlines, and without conceding that the prior service was premature, improper, or defective in any respect.

## VII. Third-Party Discovery

During the Rule 26(f) conference, Plaintiffs stated that Plaintiffs had identified specific third

7

parties for discovery, as reflected in subpoenas previously attached to Plaintiffs' motion to subpoena, and Plaintiffs identified those third parties during the conference.

Defendant Walker's counsel supplied a list of individuals identified by Defendants as potential third parties in advance of the conference. Plaintiffs acknowledged receipt of the email list. Plaintiffs stated that Plaintiffs had not formulated a position at that time regarding Defendant Walker's proposed third-party discovery targets and would evaluate and respond to such proposals at the appropriate time. The discussion was informational, and no agreement was reached regarding the scope, sequencing, or limitation of third-party discovery.

## VIII. Previously Served Written Discovery

Plaintiffs advised that they previously served written discovery on Defendants, as described in Section VI above, and that such discovery is being re-served after the Rule 26(f) conference, with Defendants' response deadlines running from the date of re-service.

## IX. Adequacy of Written Discovery / Objections

The parties discussed issues relating to the adequacy of written discovery. Defendant Walker's counsel asserted that Plaintiffs' previously served written discovery was inadequate and required clarification, including questions concerning the relevant time period, the nature of the claims, and the business allegedly injured.

In response to Defendant Walker's questions, Plaintiffs provided information for purposes of addressing Defendants' concerns, including timeframes already communicated in writing to the Defendants. Plaintiffs did not agree that the written discovery was inadequate and did not agree

to narrow or clarify the claims or the alleged injured business beyond what is set forth in the pleadings.

No agreement was reached regarding the adequacy of written discovery at the Rule 26(f) conference.

## X. Rule 26(a)(1) Initial Disclosures

The parties agreed to exchange Rule 26(a)(1) initial disclosures within fourteen (14) days after the Rule 26(f) conference, i.e., January 30.

## XI. Rule 26(e) Supplementation of Disclosures and Responses

The parties acknowledge their duty to supplement under Rule 26(e).

## XII. Settlement / Alternative Dispute Resolution

Pursuant to Rule 26(f), the parties discussed settlement. The parties acknowledged that the Court has already ordered a settlement conference, and stated that the parties would be participating in the Court-ordered settlement conference.

No settlement demand was made during the Rule 26(f) conference. The parties did not reach agreement to engage in any additional voluntary mediation or settlement discussions outside of the Court-ordered settlement conference at this time. Defendant Walker's counsel requested a settlement demand from the Plaintiffs as soon as possible.

## XIII. Accuracy

This Report reflects the parties' good-faith understanding of the matters discussed during the Rule 26(f) conference. Where agreement could not be reached, the Report notes that disagreement without attempting to catalog every argument or position advanced during the discussion.

Respectfully submitted,


Michael C. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com
804.306.4314


Laura D. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
804.873.8384

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, a true and correct copy of the foregoing was served by

electronic mail pursuant to counsel's prior use of and consent to electronic service upon counsel

for Defendant Russell Walker at:

Andrew T. Bodoh, Esq.
Thomas H. Roberts & Associates, P.C.
105 S. 1ˢᵗ Street
Richmond, VA 23219-3718
andrew.bodoh@robertslaw.org

David L. Campbell
DUANE, HAUCK, DAVIS, GRAVATT &
CAMPBELL, P.C.
100 West Franklin Street
Richmond, Virginia 23220
dcampbell@dhdgclaw.com

by email upon counsel for Defendant William F. Panak at:

Thomas M. Wolf, Esq.
Dale E. Wolf, Esq.
O'Hagan Meyer, PLLC
411 E. Franklin Street, Suite 500
Richmond, VA 23219
Twolf@ohaganmeyer.com
Dwolf@ohaganmeyer.com

Respectfully submitted,

_____
Michael C. Hild, pro se

_____
Laura D. Hild, pro se

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____DIVISION

Michael C. Hild
_____
            Plaintiff(s),

        v.                                    Civil Action Number: 3:25-cv-01000
Russell Walker Etal
_____
            Defendant(s),


## LOCAL RULE 83.1 (N) CERTIFICATION


I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of ___Joint Rule 26(f) Report___.
                                                              (Title of Document)

Michael C. Hild
_____
Name of Pro Se Party (Print or Type)

Michael C. Hild
_____
Signature of Pro Se Party

Executed on: ___1/20/2026___ (Date)

                        OR

The following attorney(s) prepared or assisted me in preparation of _____.
                                                                    (Title of Document)


_____
(Name of Attorney)


_____
(Address of Attorney)


_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.


_____
(Name of Pro Se Party (Print or Type)


_____
Signature of Pro Se Party

Executed on: _____ (Date)