IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

MICHAEL C. HILD and
LAURA D. HILD,
Plaintiffs,

v.        Civil Action No. 3:25-cv-01000

RUSSELL WALKER and
WILLIAM F. PANAK,
Defendants.



## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ISSUE LIMITED THIRD-PARTY SUBPOENAS

### I. PROCEDURAL BACKGROUND

On December 16, 2022—years before this action was filed—Plaintiffs[2] served Defendant Russell Walker with a written Cease and Desist and Demand to Preserve Documents (**Exhibit A**). That demand expressly required Defendant to preserve all electronically stored information relating to the emails and electronic communications at issue in this case, including the accounts used to transmit them.

At or around the time of Plaintiff Laura Hild's termination, Plaintiff Laura Hild requested that

---

[2] Mr. and Mrs. Hild have prepared and filed this document pro se. It is written in the third person solely for clarity and ease of reference. Mr. and Mrs. Hild are not attorneys. Nothing herein waives any attorney-client privilege or work-product protection applicable to communications with former counsel or to privileged communications in any other matter.
Pursuant to Paragraph 24 of the Court's Scheduling Order, Plaintiffs disclose that this filing was prepared using ubiquitous word-processing, dictation, document-editing, and communication software in which automated and artificial-intelligence–assisted language features are embedded, including speech-to-text, spelling, grammar, and formatting tools. Plaintiffs personally drafted, reviewed, and approved the substance of this filing and certify that any citations or legal authorities included, if any, have been verified for accuracy.

1

HKS, Inc. provide copies of emails and related communications concerning the anonymous sender who had been contacting her clients and coworkers, so she would have a complete record before her access to HKS systems ended. HKS had provided certain emails in December 2022, but at termination it refused to provide any further emails or related communications. Plaintiffs do not know whether the materials previously provided were complete, and Plaintiffs do not possess the HKS-side reply communications sent back to the anonymous sender, despite documentary evidence reflecting that such replies occurred.

Plaintiffs thereafter commenced this action alleging that Defendant Walker used anonymous or pseudonymous ("burner") email accounts to transmit defamatory statements concerning Plaintiff Laura Hild to her clients, coworkers, and professional contacts, causing substantial professional harm. Plaintiffs do not possess many of the emails sent to third-party recipients, and those communications were transmitted outside Plaintiffs' control; accordingly, Plaintiffs initially sought leave to issue limited third-party subpoenas pursuant to Local Civil Rule 45(A).

Plaintiff Laura Hild's employer at the time, HKS, Inc., was among the recipients of the emails sent by Defendant Walker. HKS employees responded internally and externally to those communications, including replies sent back to the sender. Plaintiffs possess a screenshot reflecting an HKS office leader's reply, but not the content of that reply.

Those HKS-side records—both the inbound emails and the outbound replies—are maintained by HKS and cannot be obtained from Defendants.

On January 12, 2026—after Plaintiffs filed their initial subpoena motion—Defendant Walker filed his Answer admitting that he sent the emails at issue and that he did so using pseudonymous email accounts hosted by Yahoo.

At the January 15, 2026 pretrial conference, the Court denied Plaintiffs' initial subpoena motion without prejudice on procedural grounds, noting the absence of a supporting memorandum and directing that any renewed request be presented in compliance with the Local Rules and in the ordinary course of discovery.

At the parties' Rule 26(f) conference (after the January 15, 2026 pretrial conference), Defendant Walker represented that the Yahoo accounts used to transmit the emails are no longer accessible and that he no longer possesses copies of the emails he admits sending, notwithstanding Plaintiffs' December 16, 2022 preservation demand.

As a result of Defendant Walker's representation that he no longer possesses the emails, Plaintiffs now know that the remaining sources capable of identifying the scope of the communications—including recipients, reply chains, and metadata—are third-party recipients and custodians that received or processed the emails.

Following the parties' Rule 26(f) conference, Plaintiffs asked Defendant Walker, through counsel, to contact Yahoo and MindSpring (as applicable) to determine whether the admitted email accounts and/or emails could be restored or recovered, so that the parties could avoid unnecessary court involvement. Defense counsel thereafter represented that efforts to restore or recover the Yahoo account contents were unsuccessful and that, based on Yahoo's policies regarding inactive accounts, recovery is not available; counsel further represented that the MindSpring account does not appear impaired at this time, while a separate data-loss event allegedly affected Mr. Walker's Gmail account. See **Exhibit B**. In light of these representations, Plaintiffs proceed diligently to obtain the same communications and related records from known third-party recipients and custodians who received, processed, stored, or responded to the emails

3

at issue.

Plaintiffs do not bring this renewed motion as a matter of preference or litigation strategy. Defendant has affirmatively represented that he no longer possesses copies of the emails at issue and that recovery from the sending accounts is not available. Once placed on notice of those representations, Plaintiffs have an obligation to act diligently to secure the evidence from the only remaining known sources—third-party recipients and custodians—or risk loss of evidence, prejudice, or later accusations of delay. Plaintiffs therefore bring this motion now to ensure that discovery proceeds efficiently and that the evidentiary record can be completed within the Court's accelerated schedule, rather than deferring an issue that Defendants have represented cannot be resolved through Defendant-side production.

In light of Defendant's admissions and representations, the relevant evidence concerning the content, recipients, timing, and handling of the emails now resides primarily with third-party recipients and custodians. Plaintiffs therefore submit this Motion in compliance with the Local Rules and the Court's guidance.

Plaintiffs do not seek to expand discovery beyond what is necessary, but to obtain the specific evidence that Defendants have confirmed cannot be produced through party discovery.

Plaintiffs seek this limited third-party discovery because Defendant Walker has represented that he does not possess the emails at issue and that recovery from the sending accounts is not available, leaving third-party recipients and custodians as the primary remaining sources of the communications and related records.

4

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

Discovery from non-parties under Rule 45 is subject to the same relevance and proportionality limitations applicable to party discovery under Federal Rule of Civil Procedure 26(b)(1). See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In evaluating third-party discovery requests, courts consider the relevance of the information sought, the requesting party's need for the material, and the burden imposed on the subpoenaed entity. See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d). The Court retains discretion to manage and sequence discovery and may permit third-party discovery where relevant information cannot be obtained through party discovery.

## III. NON-PARTIES TO BE SUBPOENAED

Plaintiffs seek leave to issue subpoenas to the following non-parties:

1. Virginia Commonwealth University Health System Authority (VCU Health) (**Exhibit C**)

2. BayCare Health System (**Exhibit D**)

3. MedStar–Georgetown Medical Center, Inc. (**Exhibit E**)

4. HKS, Inc., Plaintiff Laura Hild's former employer and a recipient and respondent to the communications at issue (**Exhibit F**)

Each non-party received, processed, transmitted, stored, or responded to communications that

Defendant Walker has admitted sending, or maintains records necessary to identify the scope, recipients, timing, and handling of those communications.

## IV. DOCUMENTS REQUESTED

The proposed subpoenas seek narrowly tailored categories of electronically stored information, including:

- communications received by each non-party concerning Plaintiff Laura Hild;
- communications sent from identified or pseudonymous accounts alleged to have been used by Defendant Russell Walker;
- internal communications responding to or referencing such communications;
- limited metadata sufficient to identify sender, recipient, and timing; and
- records reflecting retention, deletion, blocking, or purging of responsive ESI.

With respect to HKS, Inc., Plaintiffs seek copies of all emails received from Defendant Walker, all internal forwards, discussions, or escalations referencing those emails, all replies sent to Defendant Walker, and any related retention or deletion records. Plaintiffs have reason to believe such records exist and were not fully produced when previously requested.

Each subpoena is limited to the period in which the communications at issue were sent and handled, and seeks only materials concerning Plaintiff Laura Hild and the specific pseudonymous accounts and domains identified in the pleadings and Defendant's admissions.

6

## V. NECESSITY OF THE REQUESTED DISCOVERY AT THIS STAGE

Defendant Russell Walker has admitted sending the emails at issue and has further represented that he no longer possesses copies of those communications. Accordingly, Plaintiffs already know that party discovery cannot produce the emails or related metadata necessary to establish the scope, recipients, timing, and consequences of Defendant's admitted conduct.

Critically, Defendant Walker's admissions do not identify all recipients, reply chains, or accounts used. Without records from third-party recipients and custodial entities, Plaintiffs cannot identify the full scope of the communications campaign or determine whether additional emails were sent to other clients, coworkers, or third parties. This information cannot be reconstructed from memory-based party discovery.

Under these circumstances, delaying third-party discovery until after the completion of party discovery would serve no efficiency or proportionality purpose. To the contrary, it would guarantee additional motion practice and create a substantial risk that evidence essential to trial will not be obtained in time to comply with the Court's schedule.

The third-party subpoenas sought here are therefore necessary now, not because discovery is premature, but because the relevant evidence is concededly unavailable from Defendants and resides solely with third-party recipients and custodians. Plaintiffs seek to proceed in a manner that avoids disruption of the Court's trial schedule, minimizes duplicative proceedings, and ensures that the evidentiary record can be completed within the discovery period.

Proceeding otherwise would place Plaintiffs in the untenable position of being accused of delay for waiting to seek evidence that Defendants have already acknowledged they cannot produce.

This motion is brought to prevent that result and to allow discovery to proceed efficiently and fairly.

## VI. PRESERVATION-SENSITIVE NATURE OF THE REQUESTED ESI

Plaintiffs served Defendant Russell Walker with a Cease and Desist and Demand to Preserve Documents requiring the preservation of all electronically stored information relating to the emails at issue. Defendant has since represented that the accounts used to transmit the emails are no longer accessible and that he does not possess copies of the communications.

Whether the unavailability of those accounts resulted from Defendant's cessation of use, automated provider retention policies, or other causes—a factual issue not presently before the Court—Defendant's representations establish that party-side copies of the emails no longer exist.

In any event, because Defendants have represented that party-side copies do not exist, prompt third-party preservation and production is necessary regardless of how the accounts became unavailable.

Plaintiffs are not asking the Court to adjudicate fault or spoliation at this time, only to permit narrowly tailored subpoenas so that evidence can be preserved and obtained within the Court's schedule.

As a result, the remaining relevant evidence consists primarily of recipient-side records maintained by non-parties, including copies of the emails received, associated metadata, and internal handling or response records. These materials are subject to routine retention and deletion policies outside Plaintiffs' control.

Plaintiffs also do not possess the emails sent to Mrs. Hild's clients. In light of Defendant's representations that he no longer retains copies of the emails sent from the pseudonymous accounts, the third-party recipients are now the primary custodians of those communications and related metadata, which Plaintiffs cannot preserve or recover absent third-party subpoenas.

## VII. PROPORTIONALITY AND LACK OF PREJUDICE

The subpoenas are narrowly tailored, non-duplicative, and proportional to the needs of the case. Defendants retain all rights to object under Rule 45(d), and no merits prejudice results from permitting issuance.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Issue Limited Third-Party Subpoenas and grant Plaintiffs leave to issue the subpoenas attached as **Exhibits C–F**. A proposed order is attached as **Exhibit G**.

Dated: January 20, 2026

Respectfully submitted,

Michael C. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com
804.306.4314

Laura D. Hild, pro se
2302 E. Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
804.873.8384