IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL C. HILD, et al.,**
    Plaintiffs,
v.                                       Case No. 3:25-cv-1000
**RUSSELL WALKER, et al.,**
    Defendants

## DEFENDANTS' JOINT NOTICE CONCERNING THE JOINT RULE 26(f) REPORT

Comes now Russell Walker, by counsel, and William F. Panak, by counsel, jointly, and submit the following notice concerning the previously filed Joint Rule 26(f) Report (ECF Doc 45).

On Tuesday, January 20, 2025, the pro se Plaintiffs filed what they represent to be a joint Rule 26(f) Report, concerning a Rule 26(f) conference that occurred in the afternoon of Friday, January 20, 2025. **ECF Doc. 45**. The Court should be on notice that <u>this was not a report agreed to by the Defendants</u>, and it contains material objectionable to the Defendants.

### I. Timeline of Events

By way of further explanation, the Court issued its scheduling order on Thursday, January 15, 2026, requiring the parties to conduct their Rule 26(f) conference within five days, and to thereafter file the Rule 26(f) report. Counsel for each defendants held a teleconference with the pro se counsel on the afternoon of Friday, January 16. d for more than two hours, and Mr. Panak's counsel had to depart before the end. The Plaintiffs offered to prepare an initial draft of the Rule 26(f) report. The Hilds circulated this draft at 9:23 p.m. on Sunday, January 18, demanding any feedback by Monday, January 19—a national holiday—at 2 p.m. Mr. Walker's counsel provided feedback in the morning of January 19, proposing substantial revisions, raising

1

points for further discussion, and advising of deficiencies in the report. Mr. Panak's counsel provided feedback by Tuesday morning, January 20, at 11:10 a.m.

Fifteen minutes later, at 11:25 a.m. on January 20, the Plaintiffs sent to the defendants by email a service copy of the document appearing at ECF Doc. 45, representing it to be a copy filed with the Court. It included none of the revisions proposed by counsel for Mr. Panak, and selectively disregarded several of the revisions proposed by the counsel for Mr. Walker. Despite the request of Mr. Walker's counsel, the Plaintiffs then declined to withdraw the purported joint report, and declined to discuss revisions or amendments to the report. Accordingly the defendants jointly file this notice so that the Court is fully and accurately apprised of present discovery plan and issues.

## II. <u>Applicable Law</u>

Rule 26(f)(2) provides specifies that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible . . . for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." The contents of the discovery plan to be outlined in the written Rule 26(f) report are laid out in Rule 26(f)(3), and this Court specified in the scheduling order addition information to include in the report (ECF Doc 41 ¶ 5).

## III. <u>Defendants' Objections to ECF Doc. 45</u>

The Defendants jointly object to ECF Doc. 45, filed by the Plaintiffs for the following reasons:

- The Report at 2 states, "The parties discussed the topics required by Rule 26(f)." The Defendants do not agree with this assertion. In particular, the Plaintiffs refused to discuss the "basis of their claims" as required under Rule 26(f)(2), thereby impeding the

development of a discovery plan. Additionally, they refused to discuss some aspects required for the discovery plan and the Rule 26(f) report, to include "the subjects on which discovery may be needed" and the "systems" in use for ESI. See ECF Doc 41 ¶ 5; Fed. R. Civ. Pro. 26(f)(3)(B).

- The Report at 2-3 states,

  Defendant Russell Walker's counsel stated that the Yahoo email accounts used by Mr. Walker to send the communications admitted in his Answer were no longer accessible and that Mr. Walker did not possess those emails. Defense counsel further stated that the accounts had been deleted or archived by the service provider due to inactivity after Mr. Walker ceased using them, after Mr. Walker received the Plaintiff's cease-and-desist and preservation letter. . . . No determinations were made at the Rule 26(f) stage regarding the cause, timing, legal implications, or consequences of the account status.

  This does not accurately reflect the facts, and reflects the Hilds' unilateral alterations to the draft report after the last draft circulated. The data loss at issue is described more precisely below. *See infra* at 6-7.

- The Report was incomplete, particularly in laying out the information required for the discovery plan and under the Court's scheduling order. A more complete statement of those issues follows.

## IV. <u>Defendants' Statement of the Agreed Discovery Plan</u>

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties will make their initial disclosures under Rule 26(a) on or before January 30, 2026. No changes are necessary as to the forms or requirements of the disclosures.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

3

This Court's scheduling order has fixed the closing date for discovery as April 27. 2026, and no alternations are needed at this time. The parties agree discovery does not need to be conducted in phases.

The Plaintiffs were unwilling on the Rule 26(f) conference to discuss particular subjects of discovery, or to limit or negotiate the scope of discovery subjects. They have now served discovery indicating the subjects on which they believe discovery is necessary, broadly covering, inter alia:

- Defendants' ESI or communications about the Plaintiffs, since September 1, 2018.
- Communications between the defendants since September 1, 2018.
- Defendants' communications with Live Well's shareholders, creditors, or bankruptcy estate beneficiaries, since September 1, 2018.
- Defendants' communications with the Live Well bankruptcy trustee or his creditor, since September 1, 2018
- Defendants' documents identifying any phones, computers, tablets, cloud accounts, or email addresses, or social media accounts owned since September 2018
- Coordination with anyone as to activity concerning the Plaintiffs, all online accounts ever used, all persons who communicated about the Plaintiffs on the Defendants' behalf, since September 1, 2018

The Defendants are not in agreement as to the breadth of this discovery.

The Defendants are unable to state confidentially all subjects on which discovery will be needed, as Plaintiffs have declined in conjunction with their Complaint or the Rules 26(f) conference to state, inter alia:

- What business interest is at issue for Count I

- What conduct, other than written communications of the defendants, are the improper, illegal, or tortious conduct at issue for Counts I to III.
- What statements of the defendants are purportedly factually false.
- What statements of the defendants are purportedly threatening.
- Whether Count III is solely a claim of Mrs. Hild.

With the information presently available, the Plaintiffs will need discovery as to the factual bases of the Hilds' claims and damages; the scope, nature, degree, and causation of the purported business injuries, the degree and causation of non-business injuries; and the truth of the factual allegations made by Mr. Walker in the extant emails.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Hilds agreed at the Rule 26(f) conference to re-serve discovery previously emailed, and that the previously issued discovery will not bind the parties to any deadlines. They have since done so.

The parties had a tentative agreement regarding the form of production, but the Plaintiffs have not responded to proposals formalizing the terms of that agreement. The Defendants propose that documents or information requested in discovery, whether ESI or otherwise, should be produced initially in PDF format, preferably with each page having a unique Bates number. The Hilds expressed they understand Bates numbering, but do not presently have the software functionality to do Bates numbering. The producing party will make reasonable efforts to ensure that the document is text-searchable, recognizing that image-to-text conversion software is imperfect. After the production, the requesting party may then make informal, reasonable requests, proportionate to the needs of the case, for the production of specific documents in the

5

original file format, such as for the sake of investigating metadata. The producing party will promptly, within five business days of the informal request, produce the requested documents in the original file format or confer with the receiving party in an attempt to resolve concerns about the request. If the concerns are not resolved, the requesting party can pursue relief through the court process if appropriate.

The Defendants proposed an alteration to the requirements of a privilege log, but the Plaintiff has not responded to the proposal. That proposal was that each party that produces, in discovery, a redacted document shall make reasonable efforts to disclose whether (1) the redactions were based on privileged, and if so, the basis of the privilege in general terms, or (2) whether the redacted version was provided because it was the version of the document responsive to the request (e.g., a request for a prior court filing may result in the production of a document that was previously redacted for purposes of that filing), or (3) whether the party does not have, or is reasonably unable to locate, any version or versions with additional unredacted information. This agreement would not constitute a waiver of evidentiary objections as to the documents.

The Defendants have noted the difficulty of determining the scope of relevant and proportionate discovery in light of the limited factual allegations in the Complaint. As noted above, the Plaintiffs have declined to discuss the factual bases of their claims as part of the Rule 26(f) conference.

Mr. Walker disclosed that after receiving a cease and desist letter from Mrs. Hild's counsel in December 2022, he accordingly discontinued using the Yahoo accounts [delosvinos@yahoo.com](mailto:delosvinos@yahoo.com) and [lavidaloca000@yahoo.com](mailto:lavidaloca000@yahoo.com). Unbeknownst to him at the time, Yahoo Mail follows the policy that "[a]fter 12 months or more of not using your mailbox, it is

considered inactive. It will stop receiving new emails, and all mailbox contents, folders, contacts and settings are permanently deleted." *See* Inactive mailboxes in Yahoo Mail, https://help.yahoo.com/kb/SLN29338.html. Accordingly, the data from these accounts were deleted.

Mr. Walker discloses that he also suffered a substantial data loss from a Gmail account in or around April 2025 arising from attempting to address account storage capacity limitations

The Hilds disclosed that they previously maintained a blog that is no longer extant.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Hilds expressed an understanding of the requirements for asserting privilege, to include the requirements of a privilege log.

The parties are agreeable to a standard clawback provision with respect to inadvertently disclosed privileged matter.

Counsel for Mr. Walker proposed that the parties agree that each party is permitted to assert attorney-client or work-product privilege without creation of a privilege log as to any communications occurring or records or data created on or after the date of the filing of this Complaint in this case that are either (1) between or among a party and that party's attorney(s) (to include any staff of the attorney(s) law firm(s)), or (2) between or among a party's attorneys (to include any staff of the attorneys' law firm(s)). Defendants have not responded to this proposal

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties reached no agreement on these issues, apart from those otherwise described herein.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties agree that no order is necessary at this time. One or both defendants may seek a protective order if discovery materials or pleadings appear to be intended to gather information for the Hilds' other pending litigation.

V. **Defendants' Statement Concerning ESI**

Pursuant to ECF Doc. 41 ¶ 5. the Defendants report as follows:

**(1) A determination of what electronic discovery will be sought by any party regarding any issues:**

Mr. Walker disclosed that a precise determination is not possible given the lack of information available as to the factual bases of the Plaintiffs' claims, both as to liability and damages. With the limited information available, he anticipates seeking from the Hilds the following electronic discovery, from January 1, 2020 to present:

1. Tax returns from 2020 to present.
2. Financial statements for accounts belonging to the Hilds or their businesses.
3. Records concerning any alleged lost earning capacity or business reputation damages.
4. Communications that reference the events, allegations, or occurrences described in the Complaint.

5. Communication concerning either or both Defendants

6. Social media activity

7. Records related to Mrs. Hild's termination from HKS Architects.

8. Records reflecting efforts to mitigate the damages.

9. Communications concerning Ben Dusing, Brandy Lawrence, or any person you know to have been their coworkers or employees.

10. Complaints received from any tenant and contractors

11. Transcripts of any deposition or testimony.

12. Court filing referencing HKS Architects.

13. Vehicle ownership records.

14. Company ownership records.

He also anticipates seeking discovery that may include ESI from Ms. Hild's former employer concerning her employment history and personnel file, and any communications concerning or related to her termination. He anticipates seeking information that may include ESI from the bankruptcy trustee, and potentially from the criminal prosecutor or the clerk of the U.S. District Court for the SDNY, and the Hilds' banking institutions concerning the financial transfers between Live Well Financial and the Hilds. This will be in addition to publicly available sources. Additionally, he likely will need discovery from third party sources for rebuttal purposes, such as on damages.

Mr. Panak will seek similar discovery.

**(2) What electronic retention and retrieval systems are in use by the responding party.**

Mr. Walker discloses that he uses the following personal electronic retention and retrieval systems:

Computer and phone devises: a Mac Book Pro, an iPhone

Removable electronic data storage devices: one external hard drive

Social media platforms and webpage service providers: LinkedIn, Reddit, Instagram, X/Twitter, Meta (Facebook)

Email service providers: Yahoo Mail, Gmail, iCloud, MindSpring

Cloud-based storage systems: Google Drive, Apple Drive

Mr. Panak will disclose similar information when Plaintiffs' disclose theirs.

**(3) whether agreement can be reached as to the need for preservation of relevant electronic data with a prescribed disclosure method and schedule;**

No agreement can be reached at this time as to preservation issued. The Hilds unwillingness to disclose the factual bases of their claims preclude the Defendants from determining the scope of relevant electronic data, and the Plaintiffs failure to disclose the systems used precludes an ability to specify preservation method. However, the Defendants understand their obligations under the Federal Rules of Civil Procedure. The parties have reached a tentative agreement as to disclosure method, as discussed above, but the Plainitffs have failed to respond to the email proposing formalized terms.

**(4) whether agreement can be reached addressing any privilege issues, including non-waiver and clawback provisions;**

The parties have reached a general agreement as to clawback, as discussed above. The Plaintiffs have failed to respond to the proposal for an agreement as to other privilege issues, as discussed above.

**(5) Whether there is a need for the designation by each party of an individual to act as a liaison for the party as to all electronic discovery;**

The Hilds have elected to designate Micheal Hild as a liaison for the Plaintiffs, with Laura Hild as backup liaison. The defendants see no need for a liaison.

**(6) the possible need for periodic case management conferences to address any new issues and to ensure compliance with whatever has been agreed upon or ordered by the Court.**

The parties agree that none is required at this time.

RESPECTFULLY SUBMITTED
RUSSELL WALKER

By: _/s/ Andrew T. Bodoh__
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C.
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-991-4260
Fax: 804-783-2105
*Counsel for Russell Walker*

David L. Campbell, Esquire
Virginia State Bar Number 75960
Counsel for Defendants
DUANE, HAUCK, DAVIS, GRAVATT & CAMPBELL, P.C.
100 W. Franklin Street, Suite 100

Richmond, Virginia 23220
(804) 644-7400 Telephone
(804) 649-8329 Facsimile
dcampbell@dhdgclaw.com
*Counsel for Russell Walker*


By: _/s/ Thomas M. Wolf_
Thomas M. Wolf (VSB No. 18234)
Dale E. Wolf II (VSB No. 101561)
O'Hagan Meyer PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7108
Facsimile: (804) 403-7110
Email: Twolf@ohaganmeyer.com
Email: Dwolf@ohaganmeyer.com
*Counsel for William F. Panak*

# CERTIFICATE

      I hereby certify that on January 26, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. The following parties, as authorized users of the CM/ECF system, will receive a notification of such filing (NEF). A copy will be emailed to the parties as well

Michael C. Hild
2302 East Marshall Street
Richmond, VA 23223
(804) 307-7837
michaelchristopherhild@gmail.com
Pro se plaintiff

Laura D. Hild
2302 East Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
Pro se plaintiff

Thomas M. Wolf (VSB No. 18234)
Dale E. Wolf II (VSB No. 101561)
O'Hagan Meyer PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7108
Facsimile: (804) 403-7110

Email: Twolf@ohaganmeyer.com
Email: Dwolf@ohaganmeyer.com
Counsel for William F. Panak

By: _/s/ Andrew T. Bodoh_
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C.
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-991-4260
Fax: 804-783-2105
Counsel for Russell Walker