IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MICHAEL C. HILD, *et al.*,
    Plaintiffs,

v.                                                               Civil No. 3:25cv1000 (DJN)

RUSSELL WALKER, *et al.*,
    Defendants.

## ORDER
### (Ordering Second Rule 26(f) Conference)

This matter comes before the Court on Plaintiffs Michael and Laura Hild's ("Plaintiffs") "Joint Rule 26(f) Report" (ECF No. 45 ("Plaintiffs' Notice")) and Defendants Russell Walker and William Panak's ("Defendants") "Joint Notice Concerning the Joint Rule 26(f) Report" (ECF No. 50 ("Defendants' Notice")). In its January 15, 2026 Scheduling and Pretrial Order (ECF No. 41 ("Scheduling Order")), the Court ordered the parties to promptly hold a Rule 26(f) conference and provide the Court with a report disclosing key information regarding the discovery they expected to take place in this matter. (Scheduling Order at 4.) In its Scheduling Order, the Court also noted that the parties "are expected to resolve discovery disputes without . . . involving the Court." (*Id.*)

Even so, the parties have now filed two separate Rule 26(f) reports that disagree on various representations made by the opposing litigants and raise certain discovery disputes to the Court's attention. (*See* Plaintiffs' Notice at 2 ("[t]he parties note this disagreement and their differing interpretations of the scope of discussion required at the Rule 26(f) stage"); Defendants' Notice at 1 ("[t]he Court should be on notice that [Plaintiffs' Notice] was not a report agreed to by the Defendants, and it contains material objectionable to the Defendants.").)

The Court has reviewed both reports and finds that the parties have failed to address their discovery obligations in a satisfactory manner. The Court thus ORDERS the parties to conduct a second Rule 26(f) conference within the next seven days, during which it expects the parties to resolve all discovery issues.

If the parties cannot resolve their discovery disputes during their second Rule 26(f) conference, the Court intends to appoint a Special Master to manage and supervise discovery issues, consistent with its authority to do so under Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure. (Scheduling Order at 5 ("The Court further ADVISES the parties that . . . the Court may appoint a special master to manage and supervise discovery issues should the parties not resolve discovery disputes on their own")); Fed. R. Civ. P. 53(a)(1)(C) (allowing the Court to appoint a special master to address "pretrial . . . matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."). The Court will appoint the Special Master entirely at the parties' expense. Each of the four parties would pay an equal share of twenty-five percent (25%) of the total costs expended to appoint and retain the Special Master, with an initial retainer of five thousand dollars ($5,000) per party to be paid to the Special Master at the beginning of his or her appointment.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

\_\_\_\_/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Date: January 27, 2026