IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL C. HILD, et al.,
    Plaintiffs,
v.                                 Case No. 3:25-cv-1000
RUSSELL WALKER, et al.,
    Defendants

## DEFENDANTS RESPONSE TO PLAINTIFF MOTION FOR LEAVE TO ISSUE LIMITED THIRD-PARTY SUBPOENAS [ECF Doc. 47]

Comes now the Defendant Russell Walker, by counsel, and states the following in response to the Plaintiffs' motion for leave to issue limited third-party subpoenas (ECF Doc. 47):

In principle, Mr. Walker does not object to the Hilds seeking information through limited, third-party subpoenas concerning the emails Mr. Walker sent to those parties. Mr. Walker has acknowledged the inadvertent loss of electronically stored information in the three years that passed between the receipt of Mrs. Hild's preservation demand and the filing of this suit by both of the Hilds, and he does not wish to hide behind that loss of data.[1] Had the Hilds had conducted the meet-and-confer with Mr. Walker's counsel before the Hilds filed this discovery-based motion, as required by ECF Doc. 45 ¶ 6(b), they would have found Mr. Walker willing to agree to reasonable proposals. **But the Hilds elected to forego any effort to confer as to the subpoenas.** Instead, the Hilds declared—without any foundation—that "they do not believe an additional in-person meet and confer would be productive" (ECF Doc. 48-2 at 2), and so they

---

[1] As disclosed in the email appearing at ECF Doc. 48-2, since receipt of the December 16, 2022 cease and desist letter of Mrs. Hild, all data in two of Mr. Walker's Yahoo accounts were deleted by the email provider, apparently due to account inactivity, and data was lost from a Gmail account in the process of addressing storage capacity issues. This is in addition to any data lost prior to the preservation. For instance, while the MindSpring email account is intact, Mr. Walker regularly deleted records from that account before the receipt of the preservation letter.

filed this motion both unilaterally and without a conference, in plain disregard of this Court's order. (ECF Docs. 45 ¶ 6(b))

Still, although Mr. Walker does not object to such subpoenas in principle, two aspects of the Hilds' proffered subpoenas are problematic. First, the subpoenas **contain no temporal limitation, despite the Hilds' false assurances to the contrary.** The Hilds plainly tell this Court, in their memorandum, that "[e]ach subpoena is limited to the period in which the communications at issue were sent and handled." (ECF Doc. 48 at 6) But even a cursory review of the proffered subpoenas (ECF Docs. 48-3 to -6) show this is false. The Hilds' subpoenas in fact do nothing to limit the scope of production by dates. Second, **the subpoenas may induce the disclosure of third-party HIPAA information.** Specifically, three of the subpoenas are directed to health care providers. Contrary to the Hilds plainly false assertions that "[e]ach subpoena . . . seeks only material concerning . . . the specific pseudonymous accounts" (ECF Doc. 48 at 6), the subpoenas in fact demand all "communications . . . that concern Laura Hild . . . *from **any email account not clearly identifiable as belonging to Laura Hild**.*" (ECF Doc. 48-3 at 2, 48-4 at 2, 48-5 at 2 (emphasis added)) They say this *includes, but is not limited to* five specified emails of Mr. Walker (including three non-pseudonymous accounts). Because these subpoenas are not limited to specific email accounts of Mr. Walker, they require these healthcare entities to examine *all* email communications from patients. And the subpoenas provide no way for the recipients to distinguish the Laura Hild who is a Plaintiff in this case from any other person named Laura Hild who may be referenced in patient emails.[2] If a patient has referenced a Laura Hild, these subpoenas will require the disclosure of irrelevant third party HIPAA information.

---

[2] A simple LinkedIn search discloses five individuals named "Laura Hild" other than the Plaintiff. https://www.linkedin.com/search/results/people/?firstName=Laura&lastName=Hild.

Together, the lack of date limitations and risk of HIPAA-protected disclosures make the proffered subpoenas **overly broad and disproportionate to the needs of the case** under Rule 26. While these limited issues could have been addressed at the required meet-and-confer before the subpoenas were filed, the Hilds just assumed that they knew better.

For the sake of judicial economy and minimizing the burden on the subpoenaed parties, **<u>Mr. Walker also requests this Court to order the Hilds to produce to Mr. Walker's counsel, within seven days of receipt, complete copies of all materials obtained through any subpoenas authorized by this Court.</u>**

Beyond the relief requested, Mr. Walker feels obliged to point out misstatements in the Plaintiffs' pleadings that may otherwise prejudice Mr. Walker in the eyes of this Court. Specifically, the Plaintiffs misrepresent the details and scope of the preservation demand and the breadth of Mr. Walker's admissions in this case. The Plaintiffs repeatedly claim that they jointly sent Mr. Walker the preservation demand (ECF Doc. 48 at 1, 3, 8), that the letter directed Mr. Walker to preserve the emails *at issue in this case* (ECF Doc. 48 at 1, 8), and that Mr. Walker has admitted to sending the emails at issue in this case (ECF Doc. 48 at 2, 7-8). These statements are each misleading.

First, **the preservation letter was not sent by or on behalf of Michael Hild.** That letter was sent solely on Mrs. Hild's behalf. The letter does not even reference Michael Hild, his company Live Well Financial, Mr. Panak, or other shareholders, as this Complaint does. (ECF Doc. 48-1) It provides no suggestion that the Hilds would accuse Mr. Walker of a conspiracy. In other words, **the Complaint is broader than the preservation demand**. (ECF Doc. 1)

Second, **the preservation letter defines the scope of information Mr. Walker was to preserve imprecisely**, and with a disproportionate burden (e.g., requiring logs of all use of the

systems where the data was stored). The letter references emails from two identified Yahoo email accounts and Mr. Walker's "personal email" "during the period from April 2020 to the present [December 16, 2022]." (ECF Doc 48-1 at 2-3) But now the Hilds subpoena emails coming from *five accounts*, not three, including a *business* (not a personal) email of Mr. Walker. (ECF Doc. 48-3 at 2, 48-4 at 2, 48-5 at 2) **The Hilds cannot honestly claim Mr. Walker was directed to preserve all emails relevant to this case**, when the demand is imprecise and the Complaint is plainly broader than the demand.

Similarly, **the <u>Complaint is imprecise</u>** in identifying the factual bases of the claims, so as to allow the parties to understand what information may be relevant. (ECF Doc. 1). Though the Hilds claim Mr. Walker admitted to sending the emails at issue in this case (ECF Doc. 48 at 2, 7-8), **the Hilds have not even clarified the full extent of emails they believe to be at issue in this case**.

In short, Mr. Walker is willing to be reasonable concerning the issuance of such subpoenas, but the Hilds continue to run rough-shod over the process laid out for resolving discovery disputes, preferring to bring misrepresentations to this Court to secure overly broad subpoenas that lack reasonable time limitations and may implicate HIPAA protected information from third parties.

Wherefore, Mr. Walker respectfully requests this Court to deny the motion, or alternatively, to grant the motion in part and deny it in part for the reasons stated herein.

RESPECTFULLY REQUESTED,
RUSSELL WALKER
By:   /s/ Andrew T. Bodoh
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C.
105 South 1st Street
Richmond, Virginia 23219

Tel: 804-991-4260
Fax: 804-783-2105

David L. Campbell, Esquire
Virginia State Bar Number 75960
Counsel for Defendants
DUANE, HAUCK, DAVIS, GRAVATT & CAMPBELL, P.C.
100 W. Franklin Street, Suite 100
Richmond, Virginia 23220
(804) 644-7400 Telephone
(804) 649-8329 Facsimile
dcampbell@dhdgclaw.com
*Counsel for Russell Walker*

*CERTIFICATE*

I hereby certify that on January 27, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. The following parties, as authorized users of the CM/ECF system, will receive a notification of such filing (NEF). A copy will be emailed to the parties as well

Michael C. Hild
2302 East Marshall Street
Richmond, VA 23223
(804) 307-7837
michaelchristopherhild@gmail.com
*Pro se plaintiff*

Laura D. Hild
2302 East Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
*Pro se plaintiff*

Thomas M. Wolf (VSB No. 18234)
Dale E. Wolf II (VSB No. 101561)
O'Hagan Meyer PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7108
Facsimile: (804) 403-7110
Email: Twolf@ohaganmeyer.com
Email: Dwolf@ohaganmeyer.com
*Counsel for William F. Panak*

By:  /s/ Andrew T. Bodoh

Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C.
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-991-4260
Fax: 804-783-2105
*Counsel for Russell Walker*